Good morning. Amy Cleary on behalf of Appellant Navarro-Garcia. I'd like to reserve three minutes for my rebuttal. I'll watch my time. The challenge we raise today is based on a claim of structural error based on the District Court's imposition of a sentence. It qualified as a separate punishment, a separate punishment and imposed because the District Court expressed frustration with the Executive Department's imposition of what it perceived to be softening immigration practices and its belief that Mr. Navarro-Garcia would not be deported upon completion of a sentence of incarceration. Our challenge to this case we do not bring lightly. We bring this after several sentencing proceedings with the same District Court. We provided this Court with sentencing transcripts that have indicated that this is a deep-seated belief by this District Court that the Executive's deportation practices are not something that the District Court is pleased with. And the District Court has taken it upon itself to more severely punish undocumented defendants because of beliefs that those defendants will not be deported promptly, if at all, upon completion of their incarceration terms. Well, you make a determination that he was referring to the Ninth Circuit as being inappropriate. But there's another interpretation. It's true that we have a difficult time getting our decisions made through the process because there's so many of them. We have a huge wave of these cases. And it's literally true that a person can go 10 years or 15 years through the process and eventually come in for deportation. So if that's the interpretation, I would give the benefit of the doubt to the Court. What's wrong, then, with taking that into consideration in the sentence? I do, Your Honor, and I appreciate your comment. In each of the transcripts that we provided to the Court, the District Court sought affirmations from the U.S. attorneys and asked, Will this defendant be deported upon completion of the sentence? In each of those instances, the U.S. attorney, the government, represented yes. There was no indication that there was going to be any sort of delay. The process was explained. There was no information that the District Court offered to support these claims, that there was not going to be an expedition of the deportation process. We presented the Court with the information available publicly that the executive has gone through and hired immigration officials. But the bottom line is, it is not the role of the District Court judge to punish more severely any defendant through supervised release, through more detrimental conditions, through a single day in prison, because that District Court is not pleased with the executive's deportation practices. So it seems like the government agrees with you that the judge made an incorrect factual assumption about whether the defendant would be deported. Correct. So I'm confused why you're not calling this a procedural error in making an incorrect factual determination as part of the sentencing determination, and why you're putting it instead in a structural error bias box. Could you respond? Absolutely, Your Honor. Twice before, on panels that both you and Judge Wallace have sat on, we have raised this issue as a plain error. And twice before, it has been denied as not being plain error, because in Hernandez-Guzman and Santa Bangs-Leon, those were situations where there was not sufficient information for the panels to find that the sentence would have been different. This case is different in that everyone in the courtroom, aside from the District Court judge, understood this defendant should have received a time-served sentence. I do believe that this could have been a plain error, granted. And I do believe that this However, and I would not turn down that relief for this defendant. Don't get me wrong. But the history in this particular courtroom, with these particular statements, with this, Judge Freeland and Hernandez-Guzman noting that there are very troubling statements, with this going on historically, I think that this has risen to a level of structural error with this particular matter. So would you – so I know you want this case to be assigned to a different judge, but are you trying to have us say that Judge Jones can never hear an immigration case? What – I mean, are you – do you have a bigger agenda with this one case, or does it not matter if we say it's plain error and a factual error or a structural error? I'm not sure if it would make a difference which path we take as to this case. I don't know if this case is a gateway for the Court or not. That's for this panel to decide. I would not – I will be candid with the Court. If it's structural error in this case because of the history, I think it would have broader implications because of the nature and the history of what's gone on previously. But I'm not asking for that relief broader than what's going on here. I'll be clear. Plain error under Rosales-Morales, I do think, as the panel issued the order, I do think that gets us the relief we need. The Supreme Court is instructed through that that when you have a case where a factual – as the government has conceded – a factual error such as this, as the government has conceded, would allow the panel to find that this increased his sentence erroneously, Mr. Navarro-Garcia could receive relief. We still would request that the Court look it through the eyes of structural error because I do think it infected the entire sentencing process. That said, if the Court limits it to the relief in this case, that's all Mr. Navarro-Garcia requests. He gets out and – The structural error approach is a little odd because the theory is that the judge is upset with the government and he's taking it out on these defendants. I mean, usually bias is against the party that is concerned rather than against the opposite party. It's a very odd bias theory here. The government's been on the receiving end a few times, too, in other cases. But – so you're really interested in relief for your client and that he not be sent back for resentencing by the same judge? Correct, Your Honor. Okay. Correct, Your Honor. And I would echo that. It is an odd situation that our clients are getting punished based on the court's – the conduct of others, essentially, under the court's belief. Thank you. I'll reserve the rest for rebuttal. Thank you. Good morning. May it please the Court. Adam Flake for the United States. I'm not sure if I'm supposed to mention that I'm appearing pro bono, but it's a strange time to be here. I don't need to tell the Court that this is a rather unusual case. One, in that the defendant is accusing Judge Jones of bias against the government, seeking relief on that basis. Another strange aspect is he also accuses Judge Jones of being biased against him. So the judge is biased against both parties. So put that aside and just think that Judge Jones made a factual error about whether the defendant would be deported. It seems like you agree that was a factual error? Yes. And I readily concede that he could meet the first two prongs of plain error, but I don't think that – my position is that he can't meet the third or the fourth prong of plain error, and I'm happy to explain why. Please do. Simply put, if the Court looks at the sentence, the transcript of the sentencing, the – and it's not very long, but the way the whole argument went, Judge Jones started out by saying, I'm really concerned about this guy. He's a recidivist. Please address the 3553a factors. Address why he – why I shouldn't give him a longer sentence for being a recidivist. And the U.S. attorney – we had an agreement. The assistant U.S. attorney said, you know, I'm bound by our agreement. This is why we think he should get a shorter sentence. He's been in custody for a long time on a state charge, and please give him a time-served sentence. And the defendant echoed that. And the thrust of what Judge Jones said was, this man is a recidivist. He's dangerous. I can't – I can't give him credit for a separate sentence. That's why the word separate kept coming up. He was referring to the state. That was also inaccurate, wasn't it? He could have given him credit. He just chose not to. Well, I think I'm – I don't mean to look into Judge Jones's mind, but my reading of it would be he didn't feel like he was able – not that he was legally barred from doing so. But what he literally said was wrong as a matter of law. I don't – I don't think – again, I don't – I don't know how much I can parse out his words, but I didn't interpret what he said as thinking that he is legally foreclosed from doing so. I think what he meant was he couldn't feel good about doing so based on the circumstances. But – I mean, he says, I cannot give him credit. So literally, that's false. He could give him credit. Right. If the Court reads that literally, the Court is literally correct, but I don't think – I think the Court should give him the benefit of the doubt in saying that he – So if that's true, then why shouldn't we also read him at his word when he says because the government can't deport people and the very next sentence is, therefore, I have to enter a separate punishment and I'll vary upward. Yeah. Again, I think that he's – when he's talking about the separate punishment, I mean, this is just a disagreement we have in trying to parse the judge's words. I think that what he's talking about, I have to give a separate punishment, he means I have to give a punishment separate from what he received in the state court. Again, an objection would have allowed the judge to clarify what he was saying. There wasn't an objection made, and so there's some lack of clarity in the record. But on plain error review, the – I don't – like, any lack of clarity is a problem with the defendant, and the defendant should have sought clarification from the district court judge if they thought the judge was making an error. What position did your adversary lawyer take on that? Was there a specific objection made calling to the attention of the judge? Has it been made here? No, Your Honor. They did not object to the statement. They didn't object to anything the district court judge said in sentencing, and specifically they did not object to the – Is there a request for clarification? No, Your Honor. Were you the sentencing assistant? I was not, Your Honor. No, but you've reviewed the transcript. Yes, and it's very brief, as I mentioned. It's a very – you know, it's a very uncomfortable position for a defender to be in when the judge is going off. You know, you think you have a deal, you've worked it out, the plea agreement, and then all of a sudden the judge starts bringing in extraneous matters. Is he still doing this with the change in administration, or was it mostly oriented at the prior administration? This was during – this was January of 2018, I believe. This was this administration, right? I think it was earlier – early last year, if memory serves. It makes it very difficult for your office, too, doesn't it? Because you've been on the receiving end of some of this in other cases. That's correct, Your Honor. I mean, there's certainly some – I'm sure the Court is aware of the other cases in which issues have arisen. I'm not aware of the cases you're referring to. There's been a lot of cases. If you have something specific, why state it. I was just simply referring to prior cases where our office has felt like the judge should have admitted out-of-district attorneys. The state of Hague is the one that I had in mind, Your Honor. The Washington lawyer issue. Yes. And also made some rulings in a case with the Bureau of Land Management that were found to have been improper, right, on appeal? Yes, Your Honor. I don't see what that has to do with this case. I brought it up in a question. He didn't argue it. I was agreeing with Judge Lasnik that this – I mean, the issue has come before this Court. But, again, it's our position in this case that he made one sentence – one incorrect factual statement in one sentence. That's not sufficient to show structural error. So as I understand it, your argument about reassignment to a different judge is just that this case doesn't need to be remanded at all. Correct. Am I right? You haven't argued that if it does need to be remanded, it should go back to the same judge. We have not argued that, Your Honor. If the panel doesn't have any other questions, I'll conclude. Thank you. But do I – do I – when you say we don't argue that, what do you mean? Your Honor, if the Court finds that there is structural error because Judge Jones is biased, then I – if that – and I – that's not my position. I'm disagreeing with that. But if the Court should make that finding, I wouldn't object to it being assigned to a different judge. In fact, I – If we make that finding that he is specifically biased. Yes, Your Honor. But it seems like you also – I know plain error wasn't exactly briefed, but if we were to find that there were factual errors or a legal error in whether he could have taken into account the State sentence and it was plain error and it needs to be reversed, you haven't said – you're not saying now either that that means it should go back to him. You're not disputing that it could go to a different judge. If it's plain error, I'm not sure that the Court would have a basis on – a finding of bias would be a basis to assign it to a different judge. I'm not sure that a finding of plain error would be a sufficient reason to assign it to a different judge, and I'm not asking the Court to do that. I'm not taking the position that it needs to be assigned to a different judge if there's not a finding of bias. Sorry. Let me be super clear about this. I don't want to mess this up because it's important. If the Court finds that Judge Jones is biased, that would be a basis to assign it to a different judge. If the Court finds that Judge Jones committed plain error affecting substantial rights, it is my position that that would not be a basis to assign it to a different judge. Just so we're – am I clear about that, I hope? You're clear. Thank you. Thanks. You're clear that that was one of the most uncomfortable arguments anyone's ever had to make. But I appreciate it. Thanks, Mr. Clayton. Thank you, Your Honor. So, Ms. Cleary, let's say that the trial judge or the sentencing judge had sat on the Ninth Circuit and heard the first case about somebody who he had – a trial judge had given life in prison with no possibility of release. And then 20 years later, he's not only released from custody, but he's making an argument he should be allowed to stay in this country because if he's sent back because of the crime and the gang that he belonged to and everything else, he should be allowed to stay here. And a judge articulated that that might be a reason why I give a longer sentence to somebody. Would that be structural error? Same judge? I know – no, this is not unique to Clive Jones. I'm just hypothetical here. It's a hard question, isn't it? It's a very hard question. Yeah. And, you know, I mean, I know where you're coming from, but taking a case away from a judge is one of the most hurtful things that can happen to a district court judge, I can assure you of that. And we have to be very, very careful about that. We have to be very, very careful about what we do. But I respect your argument. You've done it exactly how you should, both for your client and for your office. It's a difficult position. Don't let me take any more of your time. And I appreciate that, Your Honor. And, again, we don't take this lightly. And there is a middle ground. I mean, an appearance of impropriety based on this record is also possible under U.S. v. Hage. The statements that are in this record based on the language of a separate punishment, that alone, I think, could get the court to a position where no discreet, specific findings would need to be made just because of the appearance based on this record. But if we just said this is factual error and legal error and plain, I had thought actually the government wasn't arguing that it needed to go back to the same judge. But now it seems like they are arguing it should just go back to the same judge. So what is your response to that? It cannot go back to the same judge, Your Honor, because at the very least it's an appearance of impropriety. But that would need to be an additional – we couldn't just get there with a straight up plain error analysis like we would do in any other case where there's an error. If you were inclined, I think you could do the plain error analysis, although, again, I'm not conceding that's all. But I think based on the appearance of impropriety on this specific record with the additional information that we provided in the notice, I think that is sufficient to ask for a remand. And I would note that the government didn't even provide any argument on the remand. They waived that argument. It's a little awkward, though, because you didn't argue plain error, so this basis for reversing wasn't really at issue either, so. Counsel, what if everything that happened had happened, but he had just stayed within the range and gone to the 12 months instead of above the range? Would you still be in the same position? I think then we would be more confined within strictly the Rosales-Morales, where I would be talking to Judge Wallace and Judge Freeland about reviewing their positions on Hernandez-Guzman and Santabenez-Leon. I think now it takes us that one step closer where we have the stronger argument with the structural error. Well, also, these are more definitive statements, aren't they? Correct. So it's more clear. It's plainer error here. Correct. Okay. Thank you so much. Thank you both sides for the very helpful arguments. We appreciate you coming despite the shutdown and the cases submitted. Okay. The next case on calendar is United States v. Valverde-Rumbo, 16-10188 and 17-10415.
judges: Wallace, Friedland, Lasnik